# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMARA GUMANEH, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 15-372-LPS |
| | : | |
| CAROLE EVANS, Warden, and ATTORNEY | : | |
| GENERAL OF THE STATE OF DELAWARE, | : | |
| | : | |
| Respondents.[1] | : | |

-----

Amara Gumaneh. *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for Respondents.

-----

## MEMORANDUM OPINION

September 24, 2018
Wilmington, Delaware

-----

[1]Warden Carole Evens has replaced former Warden Steven Wesley, an original party to this case. *See* Fed. R. Civ. P. 25(d).

STARK, U.S. District Judge:

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Amara Gumaneh ("Petitioner"). (D.I. 1)  The State has filed an Answer in opposition. (D.I. 13)  For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I.  BACKGROUND

On January 10, 2013, Delaware State Police arrested Petitioner in New Castle County, Delaware for attempting to sell stolen property that had been taken during a burglary that occurred in Kent County, Delaware on January 8, 2013. *See Gumaneh v. State*, 108 A.3d 1225 (Table), 2015 WL 233070, at *1 (Del. Jan. 16, 2015).  On April 17, 2013, Kent County police arrested Petitioner on charges associated with the January 8, 2013 burglary. *Id.*  On June 17, 2013, he pled guilty in New Castle County Superior Court to one count of receiving stolen property. *Id.*  The Superior Court sentenced Petitioner to two years at Level V incarceration, to be suspended after serving one year for one year of Level III probation. *Id.*  In Kent County Superior Court on October 17, 2013, Petitioner pled guilty to one count of second degree burglary. *Id.*  For that conviction, the Superior Court sentenced him to eight years at Level V incarceration, to be suspended after serving one year, for 18 months at Level III probation. *Id.*  Petitioner did not appeal from either conviction or sentence. (D.I. 13 at 2)

On February 21, 2014, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion) in his burglary case. (D.I. 13 at 2)  The Superior Court appointed counsel to represent Petitioner in his Rule 61 proceeding, and while that proceeding was pending, Petitioner filed a *pro se* motion for correction of an illegal sentence in the same burglary case.  The Superior Court denied the motion for correction of sentence on

November 21, 2014, and the Delaware Supreme Court affirmed that decision on January 16, 2015. *See Gumaneh*, 2015 WL 233070, at *1. Thereafter, in the same burglary proceeding, the Superior Court granted Petitioner's post-conviction counsel's motion to withdraw. *See State v. Gumaneh*, 2017 WL 8788708, at *1 (Del. Super. Ct. Aug. 7, 2017). The Superior Court denied the Rule 61 motion on August 7, 2017. *Id.* at *4. The record does not indicate if Petitioner appealed that decision.

## II.     STANDARD OF REVIEW

When a state's highest court has adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. *See* 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). This deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied;" as explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 98-100 (2011).

Finally, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1); *see also Appel*, 250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and

convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *see also Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III.   DISCUSSION

In his sole ground for relief, Petitioner contends that his October 2013 burglary conviction in Kent County violates the Double Jeopardy Clause because he was also convicted in June 2013 in New Castle County of receiving stolen property. Since Petitioner's argument in this case is vaguely asserted, the Court turns to the argument he presented to the Delaware Supreme Court on appeal from the denial of his motion for correction an illegal sentence for clarification of his intent. In that proceeding, Petitioner argued that his convictions violated the Double Jeopardy Clause because 11 Del. C. § 856[2] precludes a defendant from being convicted of receiving stolen property and of stealing the same property that he already was determined to have received. Petitioner contended that "the person who stole the property cannot also be the person who received the stole property; they must be two different people." *Gumaneh*, 2015 WL 233070, at *1. The Delaware Supreme Court denied the argument as meritless. As a result, Petitioner will only be entitled to habeas relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Federal law.

The Double Jeopardy Clause protects against multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). In *Brown v. Ohio*, 432 U.S. 161, 164-65 (1977), the Supreme Court explained that the protections of the Double Jeopardy Clause also protect

---

[2]Pursuant to § 856(c), "[a] person may not be convicted of both theft and receiving stolen property [] with regard to property appropriated in the same transaction or series of transactions." 11 Del. C. § 856(c).

3

against a second prosecution for the same offense after conviction. *Id.* The traditional test for determining if two offenses under separate statutes are sufficiently distinguishable to permit the imposition of cumulative punishments is the same-elements test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). Pursuant to *Blockburger*, a court must analyze "whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993). The rule articulated in *Blockburger* is a "rule of statutory construction to help determine legislative intent;" it is "not controlling when the legislative intent is clear from the face of the statute or the legislative history." *Garrett v. United States*, 471 U.S. 773, 778-79 (1985). Consequently, "even if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *Ohio v. Johnson*, 467 U.S. 493, 499 n.8 (1984).

Although the Delaware Supreme Court did not reference U.S. Supreme Court precedent when it denied Petitioner's argument, its denial of Petitioner's Double Jeopardy argument was neither contrary to, nor based upon an unreasonable application of, clearly established federal law. In denying Petitioner's argument, the Delaware Supreme Court explained that Petitioner had been convicted of receiving stolen property and second degree burglary, not of receiving stolen property and theft. As a result, 11 Del. C. § 856(c) did not apply to Petitioner's case, because the statute prohibits convictions for theft and receiving stolen property involving property appropriated in the same transaction. The Delaware Supreme Court's conclusion that Petitioner was legally convicted under Delaware law of both second degree burglary and receiving stolen property was consistent with the standards articulated in *Brown* and *Blockburger*. Thus, the decision was not contrary to clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 406 (2000).

4

The Delaware Supreme Court's decision also constituted a reasonable application of *Brown* and *Blockburger* to the facts of Petitioner's case.  Receiving stolen property, the crime to which Petitioner pled guilty in June 2013, required Petitioner to have knowingly possessed stolen property with the intent to deprive the owner of its use.  *See* 11 Del. C. § 851.  In contrast, second degree burglary, the crime to which Petitioner pled guilty in October 2013, required the knowing unlawful entering of a dwelling to commit a crime.  *See* 11 Del. C. § 825(a)(1).  Since the elements of the two offenses are not the same under *Blockburger*, the Delaware Supreme Court correctly denied Petitioner's Double Jeopardy claim as meritless.  For these reasons, the Court concludes that Petitioner's instant Double Jeopardy argument does not warrant relief under § 2254(d).

## IV.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claim does not warrant relief.  In the Court's view, reasonable jurists would not find this conclusion to be debatable.  Accordingly, the Court declines to issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is DENIED without an evidentiary hearing.  An appropriate Order will be entered.

5